IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CHARLES M. INGRAM,

        Petitioner,

   v.

J.E. THOMAS, Warden, FCI Sheridan,

        Respondent.

CV. 10-1320-MA

OPINION AND ORDER

CHARLES M. INGRAM
15008-045
Sheridan Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 5000
Sheridan, OR 97378

   *Pro Se*

DWIGHT C. HOLTON
United States Attorney
RONALD K. SILVER
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

   Attorneys for Respondent

MARSH, Judge

   Petitioner Charles M. Ingram, an inmate at FCI Sheridan, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241,

1 - OPINION AND ORDER

challenging the Bureau of Prisons' (BOP's) failure to address his request for an immediate transfer to a residential reentry center (RRC) under 28 U.S.C. § 3621(b). For the reasons that follow, petitioner's habeas corpus petition is DENIED, and this proceeding is DISMISSED.

## BACKGROUND

I. **Factual Background.**

Petitioner is currently serving a 110-month sentence for possession of a firearm by a convicted felon and unlawful use of a controlled substance in violation of 18 U.S.C. § 922(g)(1) & (3), and § 924(a)(2). Petitioner's projected release date is November 22, 2011, via good conduct time.

On April 1, 2010, as part of his pre-release plan under § 3624(c), petitioner's Unit Team recommended an RRC placement of 120 to 150 days. (Declaration fo Randolph Ament (#9)(Ament Dec.) Att. 8, p. 13.) On August 18, 2010, petitioner submitted an Inmate Request to Staff seeking an eight to 12 month RRC placement. (Ament Dec. Att. 3.) On August 30, 2010, Unit Manager T. Boldt responded to petitioner's request. Mr. Boldt reviewed petitioner's request, his file material, and discussed his request with petitioner's Case Manager. (Id.) Mr. Boldt specifically discussed the following:

> Your behavior during this offense included a high speed police pursuit which caused significant hazard to other drivers who were forced off the roadway. While driving

2 - OPINION AND ORDER

>dangerously, you struck the female passenger in the vehicle with a .38 caliber pistol when she begged to be let our of the vehicle due to your dangerous behavior. ...
>
>Your institutional program participation includes one occasion of drug use in September 2009; one occasion of possession of drug items (hype kit) in January 2009; stealing in September 2007, and three occasions of possessing tattoo paraphernalia [in] January 2009, November 2009, and February 2010. ...
>
>There was no recommendation for pre-release RRC placement from your sentencing judge.  You indicate you must be in the community within a year or your children "will be placed for adoption."  The documentation you provided did not mention any deadline for you to return to the community.  In fact, the NOTICE TO INCARCERATED INMATE dated May 3, 2010, provides you seven ways you can show commitment to your children and preserve your rights as a parent. ... (<u>Id.</u>)

Lastly, Mr. Boldt noted that petitioner had a June 24, 2011 RRC placement in Missouri, the state where petitioner's children reside, and concluded that "the unit team's recommendation of ... 120 to 150 days prerelease RRC placement is seen as sufficient." (<u>Id.</u> at 4.)

On September 17, 2010, petitioner filed a Request for Administrative Remedy, contending that he did not get enough prerelease time, again seeking a 12 month placement.  On September 27, 2010, FCI Sheridan Warden J.E. Thomas denied petitioner's request:

>A thorough investigation into your complaint has been conducted.  Your release date is November 22, 2011, and at this time, you have an RRC placement date of June 29, 2011.  The Unit Team considered the nature and circumstance of your offense, risk for recidivism,

3 - OPINION AND ORDER

>     program participation, need for services, time it will
>     take for you to establish community support, public
>     safety, and facility resources.  After considering each
>     of these factors, the Unit Team recommended 120-150 days
>     at RRC.  The RRC accepted you for 147 days as an
>     appropriate amount of time to assist you in a successful
>     transition back into the community. (Ament Dec. Att. 10,
>     p. 4.)

There is no record of petitioner filing an appeal with the Western Regional Director.

On October 22, 2010, petitioner filed his current petition for writ of habeas corpus, seeking an immediate placement in an RRC pursuant to 18 U.S.C. § 3621(b).

On December 2, 2010, petitioner met with his Unit Team and it appears that he requested an immediate transfer to an RRC for the remainder of his sentence under § 3621(b).  (Petitioner's Reply (#10) Att. 5.)  The Unit Team denied his § 3621(b) request for a transfer based on his current custody classification.  (Id.)

## I.   Statutory Background.

Congress has delegated inmate placement authority to the BOP in two statutes:  18 U.S.C. §§ 3621(b) and 3624(c).  Under § 3621(b), the BOP has been delegated broad discretionary authority to determine the proper placement of inmates at the start of an inmate's prison term.  E.g., Rodriguez v. Smith, 541 F.3d 1180, 1182 (9th Cir. 2008).  Placement designations require consideration of the five factors set forth in § 3621(b):

>     (1) the resources of the facility contemplated;
>     (2) the nature and circumstances of the offense;

4 - OPINION AND ORDER

>    (3) the history and characteristics of the prisoner;
>    (4) any statement by the court that imposed the sentence-
>        (A) concerning the purpose for which the sentence to imprisonment was determined to be warranted; or
>        (B) recommending a type of penal or correctional facility as appropriate; and
>    (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.  18 U.S.C. § 3621(b).

When considering the transfer of an inmate during the course of his imprisonment, the BOP must consider these same five factors.  18 U.S.C. § 3621(b); Rodriguez, 541 F.3d at 1188; Levine v. Apker, 455 F.3d 71, 85 (2d Cir. 2006); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 247 (3d Cir. 2005).

Under § 3624(c), the BOP is required to evaluate inmates for RRC placement near the end of their sentences to prepare prisoners for reentry into the community.  Sacora v. Thomas, 628 F.3d 1059, 1062 (9th Cir. 2010).  The five factors of § 3621(b) also apply when making RRC placements. 18 U.S.C. § 3624(c)(6); Sacora, 628 F.3d at 1062.

Under 18 U.S.C. § 3625, entitled Inapplicability of the Administrative Procedure Act (APA), Congress specified that "[t]he provisions of sections 554 and 555 and 701 through 706 of [the APA] do not apply to the making of any determination, decision, or order" under 18 U.S.C. §§ 3621-3625.  18 U.S.C. § 3625; Reeb v. Thomas, 2011 WL 723106, *2 (9th Cir. Mar. 3, 2011); Johnston v. Thomas, 2010 WL 2574090 (D. Or. June 24, 2010).

## DISCUSSION

In this proceeding, petitioner contends that the BOP has refused to assess his RRC placement request pursuant to § 3621(b), and has unlawfully and categorically denied placing him in an RRC until 120 to 150 days prior to completion of his sentence.

Respondent moves to deny habeas relief on several grounds: (1) this court lacks jurisdiction under 18 U.S.C. § 3625; (2) petitioner has no right to transfer on demand; (3) petitioner's claim is not ripe; and (4) petitioner has not exhausted his administrative remedies.

Based upon my careful review of the record, it does not appear that petitioner made a specific RRC transfer request under § 3621(b) until sometime *after* he filed his present habeas corpus petition. It is not entirely clear that petitioner has exhausted his present § 3621(b) claim. See Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir. 1991). As discussed above, the record contains several requests for review and administrative responses concerning the length of petitioner's prerelease placement under § 3624(c). However, the only evidence in the record that petitioner attempted to exhaust is contained in an informal Request to Staff dated December 13, 2010. (Reply (#10) Att. 5.) Regardless of petitioner's failure to exhaust, his claim fails on the merits.

First, to the extent that petitioner challenges the BOP's denial of an immediate RRC placement as arbitrary and capricious

6 - OPINION AND ORDER

under § 706(2)(A) of the APA, this court lacks jurisdiction. Respondent contends that 18 U.S.C. § 3625 precludes judicial review of petitioner's contention that the BOP failed to properly consider his RRC transfer request under § 3621(b), this court lacks jurisdiction. (Petition (#2) p. 2-3.)  I agree.

The APA provides a cause of action for persons suffering a legal wrong because of adverse agency action, and agency actions can be held unlawful when those actions are arbitrary, capricious, or an abuse of discretion.  5 U.S.C. §§ 702, 706(2)(A); Reeb, 2011 WL 723106 at *1.

The Ninth Circuit recently determined that 18 U.S.C. § 3625 precludes judicial review under the APA of certain individualized determinations by the BOP.  Reeb, 2011 WL 723106 *1.  In Reeb, the petitioner challenged the BOP's decision to expel him from an intensive drug treatment program for federal inmates know as RDAP. As the Reeb court discussed, the BOP has broad statutory discretion over the entire RDAP program under 18 U.S.C. § 3621(e), and inmates who successfully complete RDAP are eligible for up to a one year sentence reduction.  Reeb, 2011 WL 723106 at *1.  The petitioner in Reeb contended the BOP lacked a rational basis for expelling him from RDAP under § 706(2)(A) of the APA.  Id.

The Reeb court concluded that it lacked jurisdiction to hear the claim, holding that 18 U.S.C. § 3625 unambiguously specified that judicial review under the APA was precluded:

7 - OPINION AND ORDER

> To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625. Accordingly, any substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court. The BOP's substantive decisions to remove particular inmates from the RDAP program are likewise not subject to judicial review.

Reeb, 2011 WL 723106 at *2.

I find Reeb instructive. Like the RDAP program the BOP administers under § 3621(e), the BOP in this case has the sole authority to make RRC placement determinations under § 3621(b). And, like the RDAP determination in Reeb, the BOP's decision to deny petitioner's request for an immediate RRC placement is a substantive, discretionary determination by the BOP. Therefore, like the RDAP decisions in Reeb, I conclude that RRC placement decisions are properly left to the BOP's discretion.

Accordingly, I conclude that the BOP's substantive, discretionary RRC decisions are not reviewable in the district court pursuant to § 706(2)(A) of the APA. Reeb, 2011 WL 723106 at *2; accord Johnston, 2010 WL 2574090 at *6. Thus, to the extent that petitioner contends the BOP's denial of his RRC transfer request was arbitrary and capricious, this court lacks jurisdiction to hear the claim.

Second, to the extent that petitioner is challenging the BOP's interpretation of § 3621(b), § 3624(c), and the BOP's RRC placement rules and policies, his claims have been rejected. Sacora, 628

8 - OPINION AND ORDER

F.3d at 1066-70. Based on the reasoning in Sacora, petitioner is not entitled to habeas relief.

Third, contrary to petitioner's suggestion, inmates are not entitled to individualized consideration of the factors in § 3621(b) any time an inmate so requests. Calloway v. Thomas, 2009 WL 1925225, *7 (D. Or. July 1, 2009)(finding BOP not required to consider inmate RRC requests on demand); accord Berry v. Sanders, 2009 WL 789890, *5 (C.D. Cal. March 20, 2009)(stating that post-Rodriquez, the BOP may exercise its discretion under § 3621(b) to place an inmate in an RRC, but the BOP is not obligated to do so); Stockton v. Adler, 2008 WL 5136133, *3 (E.D.Cal. Dec. 8, 2008), adopted in full, 2009 WL 188145 (E.D.Cal. Jan. 23, 2009)(inmate has no statutory right to immediate assessment or transfer under § 3621(b)); Comito v. Federal Bureau of Prisons, 2008 WL 850216, *6 (E.D.Cal. March 28, 2008), adopted 2008 WL 2219976 (E.D.Cal. May 27, 2008)(same). See also Miller v. Whitehead, 527 F.3d 752, 757 (8th Cir. 2008)(an inmate is not "entitled to a full-blown analysis of a request to transfer, involving individualized consideration of all five factors in § 3621(b), whenever the inmate chooses to make such a request").

And fourth, petitioner has failed to demonstrate that he is entitled to relief under § 2241. To establish relief under § 2241, petitioner must show that he is "in custody in violation of the Constitution or laws" of the United States. 28 U.S.C. §

9 - OPINION AND ORDER

2241(c)(3). Petitioner has no Constitutional right to be placed in a particular institution or to pass through an RRC at the end of his sentence. <u>Meachum v. Fano</u>, 427 U.S. 215, 224 (1976); <u>United States v. Laughlin</u>, 933 F.2d 786, 789 (9th Cir. 1991).

As noted above, petitioner's request for an immediate RRC transfer was considered and rejected. The BOP determined that an immediate RRC placement was not appropriate. Petitioner has failed to demonstrate that the BOP was acting contrary to or outside the broad statutory authority of § 3621(b) or § 3624(c) when making that decision. Accordingly, habeas relief is denied.

## CONCLUSION

Based on the foregoing, petitioner's petition for writ of habeas corpus (#2) is DENIED, and this proceeding is DISMISSED.

IT IS SO ORDERED.

DATED this 10__ day of MAY, 2011.

                                              _/s/ Malcolm F. Marsh_____
                                              Malcolm F. Marsh
                                              United States District Judge